UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO HERNANDEZ,

      Plaintiff,

    v.

CANYON INN, et al.,

      Defendants.

Case No.  14-cv-05555-WHO

**ORDER REGARDING DEFENDANTS'
MOTION TO REQUIRE PLAINTIFF TO
PRODUCE ATTORNEYS' FEES AND
MONETARY DEMANDS**

Re: Dkt. No. 17

**INTRODUCTION**

Plaintiff Gerardo Hernandez has sued defendants Canyon Inn and its owners and operators
for denial of a right of access under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §
12131.  Dkt. No. 1.  Defendants contend that the parties have reached a tentative agreement on
injunctive relief and move to require Hernandez to provide his demand for monetary relief and
statement of attorneys' fees pursuant to General Order 56.

**DISCUSSION**

ADA litigation in the Northern District of California is governed by General Order 56.  It
was adopted "[t]o advance efficient and effective litigation of ADA cases and to address
defendants' concerns about costs."  *Hernandez v. Grullense*, No. 12-cv-03257-WHO, 2014 WL
1724356, at *2 (N.D. Cal. Apr. 30, 2014), *appeal dismissed* (July 18, 2014).  Paragraph 6 of
General Order 56 provides that:

> If the parties reach a tentative agreement on injunctive relief,
> plaintiff shall forthwith provide defendant with a statement of costs
> and attorney's fees incurred to date, and make a demand for
> settlement of the case in its entirety (including any additional
> damages not included in the Rule 26(a) disclosures).   Plaintiff
> should not require the execution of a formal agreement regarding
> injunctive relief as a precondition to providing defendant with the

United States District Court
Northern District of California

1                 statement of costs and attorney's fees, and additional damages.  If
requested by defendant, plaintiff should provide documentation and
support for its attorney's fees similar to what an attorney would
provide in a billing statement to a client.

"A purpose of paragraph 6 is to limit the expenditure of attorneys' fees after the parties reach a

tentative agreement."  *Hernandez*, 2014 WL 1724356, at *2.

Defendants' counsel, Hartnett, Smith and Paetkau ("Hartnett Smith"), contend that

Hernandez's counsel, the Law Offices of Paul L. Rein ("Rein Law"), is thwarting both the spirit

and the letter of General Order 56.  Defendants assert that the parties have reached a tentative

agreement on injunctive relief and move to require Hernandez to provide his demand for monetary

relief and statement of attorneys' fees pursuant to General Order 56 so that the parties can settle

the matter in its entirety and minimize further expenditures.  Dkt. No. 17.  Hernandez responds

that he is not required to provide his monetary demands because the parties have not yet reached a

tentative agreement.  After review of the materials submitted by the parties, including

correspondence between counsel, it is safe to say that neither side has distinguished itself.

The case commenced appropriately.  The parties participated in a joint site inspection on

March 26, 2015.  Taetkau Decl. ¶ 2 (Dkt. No. 17-2).  Rein Law provided Hernandez's injunctive

relief demand to Hartnett Smith on April 3, 2015.  *Id*. ¶ 3.  The demand included a post-inspection

report by Hernandez's expert, Jonathan Adler, identifying inaccessible features.  At least as

described by defendants, the parties agreed to have their experts communicate directly to discuss

the proposed fixes.  Taetkau Decl. Ex. D.  All of that work and the process for remedying non-

compliant parts of the site are fully consistent with General Order 56.

But then two problems arose.  First, Rein Law issued a Notice for Need for Mediation

(Dkt. No. 13) on April 8, 2015, only 13 days after the joint site inspection (and a mere three

business days after it issued Hernandez's injunctive relief demand).  That violated General Order

56, which provides that the notice shall only be filed if the parties have not resolved the matter

2

United States District Court
Northern District of California

1    "within 42 days from the joint site inspection and review."[1]  General Order 56, ¶ 7.  That time

2    delay matters because it gives the parties an opportunity to resolve the case on their own, reducing

3    expenses and avoiding the involvement of the Court's ADR Program.  The mediation itself can

4    account for a significant portion of attorneys' fees awarded in ADA cases.  Rein Law refused to

5    withdraw the premature notice after Hartnett Smith asked it to do so repeatedly.

6           Second, there was scant opportunity for the defendants to evaluate Hernandez's demands.

7    Not only was the Notice premature, but when defendants' access consultant, James Thompson,

8    tried to communicate with Rein Law's expert, Mr. Adler, to discuss the post-inspection report, Mr.

9    Adler was not available until April 17, 2015 (nine days *after* the Notice was filed).  Thompson

10   Decl. ¶ 3 (Dkt. No. 17-3).  Mr. Adler's unavailability is especially troubling because Rein Law

11   represented to the Court on April 8, 2015, by filing the Notice for Need for Mediation (Dkt. No.

12   13), that the matter could not be resolved without mediation, even though its expert had not been

13   available even to discuss proposed fixes that might resolve this matter.

14          Conscious of the substantial attorneys' fees often awarded to plaintiffs in ADA cases,

15   Hartnett Smith appears to have tried to resolve this matter quickly.  Defendants agreed to make

16   corrective changes and arranged for the defense access expert to communicate directly with

17   Hernandez's access expert to come to an agreement on the necessary changes.  As of May 10,

18   2015, Hartnett Smith informed Rein Law that the experts had reached an agreement on corrective

19   changes and asked Rein Law to provide Hernandez's monetary demands and attorneys' fees so the

20

21   [1] Notably, General Order 56 provides that the plaintiff "shall file a 'Notice for Need for
     Mediation' in the form set forth on the Court's ADR Internet site."  General Order 56, ¶ 7.  That
22   form Notice for Need for Mediation requires the plaintiff to attest that "Although 45 days have
     passed, the parties have not reached an agreement."  *See* cand.uscourts.gov/filelibrary/43/Notice-
23   of-Need-for-Mediation.pdf (Notice of Need for Mediation - ADA Access Cases (G.O. 56)).
     Presumably because it did not comply with that timeline, in this case, Rein Law filed its own
24   customized notice which omits that language.  *See* Dkt. No. 13.  Rein Law apparently argued to
     Hartnett Smith that the notice was not premature "because it will take some time for the ADR Unit
25   to refer the parties to mediation, for us to be assigned a mediator, and for any mediation
     scheduled."  Dkt. No. 19 at 4 (Rein Law summary of voicemail left for Hartnett Smith).  Rein
26   Law's argument is flatly refuted by General Order 56 itself and the form of notice which General
     Order 56 requires.  Rein Law's customized notice does not comply with General Order 56 and
27   should not be used in the future.

28

1    parties could settle the matter in its entirety and avoid further court appearances, mediation, or

2    briefing.  Taetkau Decl. Ex. E.  Rein Law refused that request, and several subsequent requests

3    from Hartnett Smith.

4          The record is unclear that an agreement had been (or has been) reached sufficient to

5    require Rein Law to provide its fees under General Order 56.  The declaration of defendants'

6    expert, Mr. Thompson, states only that "[i]t is my professional opinion that the Building and Site

7    Accessibility Improvements Plan I submitted to Mr. Adler on June 22, 2015 resolves all the issues

8    Mr. Adler identified in his Post Inspection Memo."  Thompson Decl. ¶ 6.  There is nothing in the

9    record reflecting that Mr. Adler agreed.  For that reason, I will not require Rein Law to disclose its

10   fees at this time.

11         But it is very clear that a party interested in resolving the dispute would have provided its

12   fee demand prior to the date this motion was filed.  Hartnett Smith told Rein Law that it hoped to

13   settle all issues--remedial work and fees--in a global settlement.  Rein Law did not identify any

14   substantive problems with the work defendants proposed to do on the site before defendants filed

15   this motion.  In its correspondence with Hartnett Smith and the Court-appointed mediator, Rein

16   Law stated only that the parties had disagreements over whether the proposed settlement should be

17   entitled Consent Decree or Stipulation; whether defendants were making injunctive relief

18   contingent settlement of monetary demands; a provision regarding attorneys' fees; and the timing

19   of remediation.  *See, e.g.,* Dkt. No. 19-4 at 1.  None of those areas of disagreement relate to the

20   substantive remedial work defendants proposed to do.  Once Rein Law knew how close the parties

21   were to resolution, there was only one obvious downside to providing the fee amount: resolving

22   the case would mean no mediation and no motion for attorney's fees, both of which represent a

23   substantial billing opportunity in ADA cases.  *See, e.g., Hernandez*, 2014 WL 1724356, at *13

24   (citing cases discussing significant fee requests in ADA cases).

25         Up until May 10, 2015, Hartnett Smith did exactly what responsible defense counsel

26   should do when faced with an ADA complaint: quickly set a joint site inspection, encourage

27   collaboration between the experts, agree on how to solve the problems at the site, and seek a

28   demand on fees to lead to a final settlement.  But after that time, it became part of the problem.  It

United States District Court
Northern District of California

4

1   repeatedly denigrated Hernandez's complaint and criticized Rein Law's billing practices,

2   including in correspondence with the court-appointed mediator and staff from the Court's ADR

3   unit.  A Hartnett Smith attorney apparently hung up during a conference call with the mediator and

4   refused to re-join the call.  Hartnett Smith may be frustrated by its adversary, but its attacks on

5   Hernandez and Rein Law and its refusal to participate in the conference call with the mediator are

6   inappropriate, unprofessional, and counterproductive.

7   **CONCLUSION**

8       Based on this record, I will not order Hernandez to provide his attorneys' fees and

9   monetary demands now.  However, I strongly encourage him to do so.  If this matter comes before

10  me again to consider a request for attorney's fees, I will certainly evaluate whether counsels'

11  conduct unnecessarily protracted this litigation.  *See, e.g., Jankey v. Poop Deck,* 537 F.3d 1122,

12  1132 (9th Cir. 2008) (a court has discretion to reduce a fee award where plaintiff unreasonably

13  protracted litigation).  Moving forward, I expect counsel to behave with civility and

14  professionalism.

15

16      **IT IS SO ORDERED**.

17  Dated: July 8, 2015

18  _____
    WILLIAM H. ORRICK
19  United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California